420 P.2d 774

Bernadine ALLEN, Special Administratrix of the Estate of Arthur Larry Allen, Deceased, Plaintiff-Appellee,

v.

T. B. WILLIAMS, Defendant-Appellant.

No. 8182.

Supreme Court of New Mexico.

Nov. 28, 1966.

Frederick A. Smith, Truth or Consequences, for appellant.

Arturo G. Ortega and William E. Snead, Albuquerque, for appellee.

OPINION ON MOTION TO STRIKE
PER CURIAM:

An examination of the brief in chief filed by the appellant discloses some possible confusion concerning the intent and meaning of our recently adopted Supreme Court Rule 15 (§ 21–2–1(15), N.M. S.A.1953) dealing with briefs. Accordingly, we have determined that we should attempt clarification before practices contrary to the intention of the new rule become prevalent. In approaching the matter we limit our discussion to the specific subsections mentioned below. It is not our purpose to in any way suggest that the other provisions of the rule are not to be applied strictly to further the purposes sought to be accomplished by the amendment. Among these purposes are, (1) to obtain briefs which omit all matter extraneous to the appeal; (2) a measure of uniformity in presentation; and (3) a rational organization of material necessary to facilitate determination of the appeal.

We here find a singular failure to comply with the spirit and intent, as well as the letter of subdivisions (16) (a) and (16) (d) (ii) and (iii) of Rule 15.

Rule 15(16) (a) provides that only such portions of the pleadings as are necessary to an understanding of the issues to be argued under Rule 15(14) (d) should be set forth in the statement of proceedings. Further, that this should be done concisely. In the brief here being considered two pages are devoted to set forth the pleadings, including much detail in no way pertinent or necessary to a consideration of the points relied on and argued.

 Of a more serious nature is the failure of appellant to comply with the provisions of Rule 15(16) (d) (ii) and (iii). Appellant has evidently misunderstood what is contemplated by "brief summary of any conflicts in evidence material to the issues on appeal" required in the statement of proceedings. He has set forth at length, in narrative form, a great deal of the evidence in the case, with considerable interpolation of his own version of the meaning and effect of the proof. By the term "brief summary" we did not mean merely that a narrative statement of the evidence was to be incorporated rather than verbatim testimony. The intention was that the facts in conflict pertinent to the appeal should be summed up, but not that they be set forth either verbatim or in narrative form. The

brief-writer should be guided by the words, "brief," "summary," "material," and "without argument." This is a radical departure from the "Statement of the Facts" under the old rule. Delineating of facts is reserved to the section where the actual argument of the points in which the proof is material takes place.

In this brief, most of the facts detailed at considerable length in the statement of proceedings are repeated under the arguments on the points. This duplication was not intended and results in an unnecessarily long and involved statement of proceedings which in the ordinary course of events will in turn bring forth a lengthy response in the answer brief. Here, twelve pages are utilized in the statement of proceedings to set forth these facts. In addition, some of the facts are referred to by appellant in a contentious manner. The statement can neither be described as "brief," or as a "summary." As already noted, nothing more than a statement of the material facts in conflict—not a detailing or argumentative description of the evidence—is all that is required or permitted in the statement of proceedings. Nothing more is to be set forth except under the appropriate point in the argument section of the brief where such facts as are material to a determination of the point should be set out in such detail as a proper discussion may require.

We would make clear that never has there been a suggestion, nor was it the intention to require that facts be stated in the statement of proceedings as a foundation to their use in the argument. Such a purpose would make duplication the rule. That is the exact opposite of our purpose and intent.

We should comment that Rule 15(17) (c) permitting the appellee to set forth in his answer brief a supplementary or independent statement of proceedings in no way militates against what is said above. The statement of proceedings here being considered could not be adequately met by such a supplementary or independent statement, and the rule prohibits detailed objections.

We would repeat that by nothing said herein is any emphasis intended to be placed on the particular subsections discussed. Our only purpose is clarification in the hope that some assistance will thereby be given to those undertaking to prepare briefs on appeal.

Those portions of the statement of proceedings denominated "Summary of Pleadings," "Summary of Jury Trial Proceedings" and "Summary of the Evidence Material to the Issues on Appeal" are stricken, and appellant is granted ten days in which to file a brief conforming to the rule as herein explained.

It is so ordered.